**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**
-------------------------------------------------------X
**KEERUT SINGH,**

                                                                                          **Civil Action No: 22-3211**

            **Appellant,**

  -against-

**VIKRAM D. AMAR,** *et al.,*

            **Appellees.**
-------------------------------------------------------X


## **MOTION TO SEAL**


**NESENOFF & MILTENBERG, LLP**

Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
T. (212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1
II. PROCEDURAL HISTORY ................................................................................... 1
III. LEGAL STANDARD ............................................................................................ 2
   a. Legal Standard to Seal Documents ..................................................................... 2
IV. ARGUMENT .......................................................................................................... 2
   a. Appellant Has Demonstrated Good Cause to Seal the Record ........................... 2
V. CONCLUSION ....................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*,
  178 F.3d 943 (7th Cir. 1999) ................................................................................ 2

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
  112 F.3d 869 (7th Cir. 1997) ................................................................................ 3

*Doe v. Colautti*,
  592 F.2d 704 (3d Cir. 1979) ................................................................................. 4

*Doe v. Gallinot*,
  486 F.Supp. 983 (C.D.Cal.1979) .......................................................................... 4

*Doe v. Harris*,
  495 F.Supp. 1161 (S.D.N.Y.1980) ........................................................................ 4

*Doe v. Hartford Life & Acc. Ins. Co.*,
  237 F.R.D. 545 (D.N.J. 2006) ............................................................................... 4

*Doe v. New York Univ.*,
  442 F.Supp. 522 (S.D.N.Y.1978) .......................................................................... 4

*Doe v. Provident Life & Acc. Ins. Co.*,
  176 F.R.D. 464 (E.D. Pa. 1997) ............................................................................ 4

*Doe v. Standard Ins. Co.*,
  No. 1:15-CV-00105-GZS, 2015 WL 5778566 (D. Me. Oct. 2, 2015) ................... 4

*Melton v. Pavilion Behav. Health Sys.*,
  843 F. App'x 9 (7th Cir. 2021) .............................................................................. 2

*Melton v. The Pavillion Behav. Health Sys., et al.*,
  2020 WL 13679915 (C.D. Ill. June 30, 2020) ...................................................... 2

*Roe v. United States*,
  2020 WL 869153 (E.D. Cal. Feb. 20, 2020) ......................................................... 4

*United States v. Courtright*,
  2020 WL 774391 (S.D. Ill. Feb. 18, 2020) ........................................................... 2

I.  **<u>INTRODUCTION</u>**

Appellant, by his undersigned counsel and jointly with counsel for Appellees, respectfully moves this Court for an order sealing the entire Court record and replacing Appellant's name with the pseudonym "John Doe." The parties have reached a settlement in the District Court matter and as such, Appellant will be withdrawing his pending appeals. Additionally, on April 28, 2023 District Judge Myerscough, in a text order, granted Appellant's motion to seal the District Court file and allowed Appellant to proceed under the pseudonym John Doe.

Based upon the recent developments in the District Court, the Parties respectfully request that this Court likewise seal the file and amend the caption to replace Appellant's legal name with "John Doe."

II.  **<u>PROCEDURAL HISTORY</u>**

On December 21, 2022, Appellant filed an Appeal of the District Court's denial of his Motion to Proceed by Pseudonym and his Motion for Preliminary Injunction (ECF No. 15-16). The parties have reached a resolution in this matter, and accordingly, the parties filed a Joint Motion to Seal the Court Record and Motion for Reconsideration of Appellant's Motion to Proceed by Pseudonym on April 19, 2023. On April 28, 2023, the Central District of Illinois granted the parties' Joint Motion to Seal the Court Record, and directed the Clerk to render Appellant's name as "John Doe" in the case caption. The matter has accordingly been placed under seal in the Central District of Illinois, and Appellant will be filing a Notice of Dismissal with Prejudice in the District Court. In light of the Central District of Illinois' ruling, the parties respectfully request that this matter be placed under seal in the Seventh Circuit as well.

### III. **LEGAL STANDARD**

#### a. **Legal Standard to Seal Documents**

Although there is a presumption that judicial records are public, "[t]he public's interest in litigation can be overridden if a party demonstrates good cause for sealing the record or a part thereof." *United States v. Courtright*, 2020 WL 774391, at *2 (S.D. Ill. Feb. 18, 2020) (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). "A court should permit the sealing of documents only if there is good cause to do so, that is, the property and privacy interests of the movant outweigh the interests of the public in full transparency of the judiciary." *Melton v. The Pavillion Behav. Health Sys.*, *et al.*, 2020 WL 13679915, at *2 (C.D. Ill. June 30, 2020), *aff'd sub nom. Melton v. Pavilion Behav. Health Sys.*, 843 F. App'x 9 (7th Cir. 2021). "Notwithstanding an agreement of parties to seal documents, the decision of whether good cause exists to file a document under seal rests solely with the Court." *Courtright*, 2020 WL 774391, at *2.

### IV. **ARGUMENT**

#### a. **Appellant Has Demonstrated Good Cause to Seal the Record**

##### i. **Appellant's Privacy Interests Warrant Sealing the Record**

Appellant has demonstrated sufficient grounds to seal the entire record in this case for numerous reasons. First, as noted above, both parties are jointly moving to seal the record and have reached a confidential settlement in this matter. As such, the case is resolved in its entirety. The Central District of Illinois has already placed this matter under seal. Appellant is dismissing his case in the Central District of Illinois, and as such, there is nothing to be appealed in this matter any longer. There will be no further litigation in this matter, so there will be no records that are hidden from the public that have not already been made visible. Accordingly, sealing the Court

record does not disturb the preference for open judicial proceedings, as this case has been litigated to the fullest extent in the public domain.

Second, Appellant's privacy interests in this case predominate the presumption that judicial records be open to the public. Appellant's claims for relief by their very nature contain details of a highly sensitive and intimate nature—namely allegations of mental health, paranoia, and school safety. Appellant does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment. Rather, Appellant highlights the extremely sensitive nature and privacy issues that could be associated with being wrongfully linked to allegations of safety concerns requiring behavioral intervention.

To that end, Appellant alleges that his federal constitutional rights were violated by Appellees—which Appellees dispute—when the University violated his freedom of speech as a result of the allegations. Surely this Court can take judicial notice of the sensitive topic of school safety, given the numerous tragedies and lives lost recently by violence within schools. The nature of mental health and safety concerns (all of which Appellant disputes in this case), and the allegations stemming therefrom, are such that Appellant will suffer extreme harm throughout his lifetime. Indeed, the Seventh Circuit has stated that where medical or mental health issues and records are such that they would be highly embarrassing and damaging to the average person, a sealing of the court record, either in whole or in part, may be warranted. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Should 'John Doe' 's . . . records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal."); *See also Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d at 872 (district court granted Plaintiff's motion to proceed under a pseudonym

where the plaintiff "fear[ed] that the litigation might result in the disclosure of his psychiatric records."); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting pseudonym status to plaintiff when the subject matter involved mental health); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y.1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D.Cal.1979); *Doe v. New York Univ.*, 442 F.Supp. 522 (S.D.N.Y.1978); *Doe v. Standard Ins. Co.*, No. 1:15-CV-00105-GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015); *see also Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("Doe fears that if others, such as his friends and business associates, learn of [the case] he will be stigmatized in the community. Doe's fear is not unfounded. . . Moreover, in this case, there is a great risk that plaintiff will be stigmatized in his professional life."); *Roe v. United States*, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020).

Appellant is currently a law student at the University of Illinois, with a job offer from an AmLaw 100 law firm. If this law firm, or any firm to which Appellant may opt to apply to in the future, were to conduct a background check or internet search of Appellant's name, Appellant would immediately be connected to this lawsuit as well as the damaging statements that were made throughout the course of litigation. The allegations and statements would likely tarnish Appellant's professional reputation, and derail Appellant's legal future before it even begins. Given that Appellant disputes these assertions and the parties have reached a settlement, there can be no public interest in these filings. Accordingly, Appellant's privacy concerns outweigh the preference for open judicial proceedings in this case.

### ii.     Appellant Was Given Improper Legal Advice

The Court Record should also be granted because Appellant was given improper legal advice from the beginning of this litigation. Appellant's former counsel, who is now suspended

from the Illinois bar,[1] chose to file exhibits without redactions, revealing Appellant's identity even before Appellant's pseudonym status was denied. Additionally, Appellant was not given an opportunity to discontinue his lawsuit prior to the District Court revising the docket with Appellant's legal name. Given the potential harms resulting from disclosure as discussed above, Appellant likely would have discontinued his lawsuit once he was denied pseudonym status. However, the Central District of Illinois entered a text order denying Appellant pseudonym status and immediately directed the Clerk to revise the docket with Appellant's legal name for the public to see. Appellant was not informed by his legal counsel prior to filing suit of the potential for immediate disclosure of his name if his Motion to Proceed Under Pseudonym was denied. Accordingly, the Court Record should be sealed, and the docket should be revised, replacing Appellant's legal name with "John Doe."

**V.      CONCLUSION**

For the reasons stated above, the Court should seal the Court record for this matter in its entirety and replace Appellant's name with "John Doe."

**Dated:** New York, New York
May 2, 2023

                        **NESENOFF & MILTENBERG, LLP**

                        By: /s/ Andrew T. Miltenberg
                            Andrew T. Miltenberg, Esq.
                            Kristen Mohr, Esq.
                            363 Seventh Avenue, Fifth Floor
                            New York, New York 10001
                            T. (212) 736-4500
                            amiltenberg@nmllplaw.com
                            kmohr@nmllplaw.com

---

[1] *See Illinois Supreme Court Disbars 3, Suspends 10 in Latest Disciplinary Filing,* Illinois State Bar Association, *available at* https://www.isba.org/barnews/2023/03/illinoissupremecourtdisbars3suspend.